IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELISABETH BERNHARD,

      Plaintiff,

v.                                                    No. 1:21-cv-0509 RB-SCY

MEOW WOLF, INC. and
MEOW WOLF SANTA FE LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Elisabeth Bernhard, a resident of Germany, visited the Meow Wolf House of Eternal Return while on vacation in New Mexico. Bernhard injured her knee in the exhibit and brought suit for negligence in New Mexico state court. Defendant Meow Wolf, Inc. removed the action to this Court based on diversity jurisdiction. Meow Wolf alleges that it is incorporated and has its principal place of business in Delaware and that the amount in dispute exceeds $75,000. Bernhard moves to remand and asserts that Meow Wolf cannot establish that its principal place of business is in Delaware. Because Meow Wolf fails to show by a preponderance of the evidence that its principal place of business is in Delaware, the Court will grant the motion to remand.

**I.  Background**

Bernhard, a resident of Germany, traveled to New Mexico in 2018. (Doc. 1-2 (Compl.) ¶¶ 1, 6.) She visited the Meow Wolf House of Eternal Return art experience in Santa Fe where she fell and injured her knee. (*Id.* ¶¶ 7–9.) She filed suit in New Mexico state court and asserted a claim for negligence. (*See id.* at 1, ¶¶ 12–15.)

Meow Wolf removed the matter to this Court on the basis of diversity. (*See* Doc. 1 at 2.) Meow Wolf alleges that complete diversity is present because it "is a corporation organized and

existing under the laws of the State of Delaware with its principal place of business at 1209 Orange Street, Wilmington, DE 19801."[1] (*Id.*) Bernhard moves for remand and argues that Meow Wolf fails to meet its burden to show by a preponderance of the evidence that its principal place of business is in Delaware. (*See* Doc. 3 at 4–6.)

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1182 (D.N.M. 2017) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81 (2014)). "All doubts are to be resolved against removal." *Id.* (quoting *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). The removing defendant bears the burden of establishing subject-matter jurisdiction. *Id.*

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) (citations omitted). "The burden of persuasion imposed on defendant, as the removing party here, requires it to establish that the court's exercise of diversity jurisdiction is appropriate by a preponderance of the evidence." *Davis v. Overland Contracting, Inc.*, No. 19-2531-DDC-KGG, 2020 WL 1974259, at *1 (D. Kan. Apr. 24, 2020) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 954–55 (10th Cir. 2008)).

Meow Wolf "invokes the court's subject matter jurisdiction under the federal removal statute – 28 U.S.C. § 1441 – and the federal diversity statute – 28 U.S.C. § 1332." *See id.* "Section

---

[1] Meow Wolf further asserts that "Defendant Meow Wolf Santa Fe LLC is not/was never a legally registered or formed corporation, limited liability company, or other entity, and therefore is not a proper party to this lawsuit." (Doc. 1 at 2.) Bernhard does not challenge this assertion. (*See* Doc. 3.)

1441(a) and (b) allows a defendant to remove an action originally filed in state court to federal court when diversity of citizenship under 28 U.S.C. § 1332(a) exists." *Id.* Section 1441(b)(2) precludes removal if any defendant "is a citizen of the State in which such action is brought." To establish diversity jurisdiction under § 1332, "the citizenship of a business entity is determined by its organizational structure." *Id.* "If the business is a corporation, its citizenship is both where it is incorporated and the state where its principal place of business is located." *Id.* (citing 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013)).

### III. Analysis

#### A. The Court will grant the motion for remand.

Bernhard argues that remand is necessary because Meow Wolf has failed to show that its principal place of business is in Delaware. (*See* Doc. 3 at 4–6.) The Supreme Court has found that a corporation's "principal place of business" is "the place where [its] officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92–93. It is the corporation's "nerve center" and is "normally . . . the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

Bernhard challenges Meow Wolf's assertion that its principal place of business is in Delaware. (*See* Doc. 1 at 2.) She argues that "the available evidence strongly suggests that [Meow Wolf] has its principal place of business in Santa Fe, New Mexico." (Doc. 3 at 5.) She submits several exhibits in support. First, she points to Meow Wolf's website, which provides: "Meow Wolf is an arts and entertainment [company] based in Santa Fe, New Mexico." (*Id.* (quoting *About*, Meow Wolf, https://meowwolf.com/about (last visited Jan. 2, 2022)).) Next, Bernhard submits

3

Meow Wolf's registration with the New Mexico Corporations Division, which lists a New Mexico address for its physical offices, an agent for service of process, a mailing address for the corporation, and a mailing address for its officers and directors. (*Id.* (citing Doc. 3-2[2]).) Finally, she notes that the address Meow Wolf lists for its principal place of business in Delaware "is Corporation Trust Center's location for providing 'registered agent services' to Delaware corporations with no physical office in the state." (*Id.*[3]) "In 2012, this address was the registered agent address of at least 285,000 separate businesses." (*Id.* (citation omitted).)

In response, Meow Wolf argues that although it "owns subsidiaries in several state including New Mexico, Texas, Nevada, Colorado, and Washington D.C.[,]" it "does not . . . have a 'principal place of business' in each of those states." (Doc. 10 at 2.) Meow Wolf does not submit an affidavit to support its contentions but argues through counsel that Bernhard's assertion that its officers all live in New Mexico is incorrect "and it is unclear how [she] reached that conclusion." (*Id.*) Meow Wolf asserts that its co-CEOs "live and work in Utah and New Mexico," and its Chief technical Officer "lives and works in California." (*Id.*) It further asserts, without providing any evidentiary support, that it "operates primarily outside of New Mexico and its officers are not New Mexico residents." (*Id.* at 3.) It also states that "Meow Wolf employs only 70 persons in New Mexico, but employs over 200 employees in Colorado." (*Id.*)

---

[2] This information is publicly available at *Corporations and Business Services*, New Mexico Secretary of State, https://portal.sos.state.nm.us/BFS/online/corporationbusinesssearch/CorporationBusinessInformation (last visited Jan. 2, 2022).

[3] Bernhard cites a Wikipedia article in support of this assertion. (*See* Doc. 3 at 5 (citing *Corporation Trust Center (CT Corporation)*, Wikipedia, https://en.wikipedia.org/wiki/Corporation_Trust_Center_(CT_Corporation) (page last edited Oct. 3, 2021)).) As Meow Wolf fails to refute Bernhard's contention regarding its Delaware address or register any objection to the Wikipedia article, the Court will not "delv[e] into the obvious deficiencies of the 'Wikipedia' exhibit as admissible evidence in a court of law . . . ." *Swinney v. State Farm Fire & Cas. Co.*, No. CV 08-227 WJ/ACT, 2008 WL 11320145, at *4 (D.N.M. May 28, 2008).

Meow Wolf attaches three exhibits to show that its principal place of business is in Delaware. First, it submits a Third Amended and Restated Certificate of Incorporation from Delaware. (Doc. 10-1.) This certificate establishes that Meow Wolf is incorporated in Delaware, a fact that is not in dispute. Next, it submits a list of its subsidiaries. (Doc. 10-2.) Last, it submits a copy of its corporate profile as listed with the New Mexico Secretary of State. (Doc. 10-3.) The profile shows that Meow Wolf is incorporated in Delaware and lists the Wilmington, Delaware address as Meow Wolf's "principal place of business." (*See* Doc. 10-3 at 1.)

Bernhard argues that these documents are insufficient to establish that Meow Wolf's "officers direct, control, and coordinate the corporation's activities" in Delaware. (Doc. 12 at 2 (quoting *Hertz*, 559 U.S. at 92–93).) In *Hertz*, the Supreme Court "reject[ed the] suggestion . . . that the mere filing of a form . . . listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'" 559 U.S. at 97 (citations omitted). Although the corporate profile here lists Delaware as Meow Wolf's "principal place of business" rather than the "principal executive offices" as in *Hertz*, the Court finds that the profile and the other exhibits are insufficient proof to carry Meow Wolf's burden. The *Hertz* Court specified that if "the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination . . . ." *See id.* Here, Bernhard alleges that the address listed for Meow Wolf's principal place of business is merely that of another company that "provid[es] 'registered agent services' to Delaware corporations with no physical office in the state." (Doc. 3 at 5 (citation omitted).) Meow Wolf does not dispute this assertion or provide evidence to show that it conducts any business in Delaware.

Moreover, Meow Wolf fails to submit an affidavit or other competent proof to establish that its nerve center is located in Delaware, or anywhere, for that matter. Ordinarily when a plaintiff challenges a jurisdictional fact, the defendant submits an affidavit to carry its burden to show that removal is appropriate. *See, e.g.*, *Hertz*, 559 U.S. at 81–82 (employee relations manager submitted a declaration and stated that the defendant's leadership, domestic subsidiaries, and corporate headquarters were in New Jersey, where it carried out "its core executive and administrative functions") (quotation marks omitted); *Henderson v. BJ's Rest.*, No. CV 19-1002 KG/LF, 2020 WL 1853049, at *5 (D.N.M. Apr. 13, 2020) (vice president submitted declaration to establish that corporation's main headquarters were in California, the location from which its officers directed the overall activities); *Carillo v. MCS Indus., Inc.*, No. CIV 12-0573 JB/WPL, 2012 WL 5378300, at *3, 14 (D.N.M. Oct. 15, 2012) (human resources supervisor submitted affidavit to show that the corporation's "officers are assigned work and direct and control [the corporation's] activities out of its corporate offices in" Pennsylvania); *Davis*, 2020 WL 1974259, at *2. In *Davis*, for example, the defendant corporation removed a case to the District of Kansas and asserted that it was a Delaware corporation with its principal place of business in North Carolina. *See* 2020 WL 1974259, at *2. The plaintiff moved to remand and submitted a Kansas Corporation Annual Report, which showed that the defendant had an official mailing address in Kansas and listed a Kansas address for all the defendant's officers and director. *See id.* In response, the defendant's president submitted an affidavit and testified that the corporation's headquarters and his office were in North Carolina. *See id.* at *4. He also testified that he performed most of his activities as president "outside of Kansas." *Id.* (citation omitted). The court found that despite the mailing address listed in the annual report, the defendant met its burden to show that its principal place of business was in North Carolina. *See id.* Where an affiant has personal knowledge, their "statement

in an affidavit . . . that a corporation has its corporate headquarters in a given State is sufficient, absent contrary evidence, to show by a preponderance of the evidence that the corporation's principal place of business is located in that State." *Id.* (quoting *Thompson v. Intel Corp.*, No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *17 (D.N.M. Aug. 27, 2012)). Meow Wolf's argument through counsel is not evidence. *See Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2011).

Meow Wolf has provided no affidavit or other evidence to show that its officers direct, control, or coordinate its activities from Delaware or any other state. Instead, it acknowledges that one of its co-CEOs lives and works in New Mexico, another in Utah. Consequently, it has not met its burden to establish subject matter jurisdiction, and the Court will grant Bernhard's motion.

**B.     Bernhard is entitled to attorney's fees.**

Bernhard seeks "attorney's fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c)."  (Doc. 3 at 6.) "In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (citing *Daleske v. Fairfield Comms., Inc.*, 17 F.3d 321, 324 (10th Cir.), *cert. denied* 511 U.S. 1082 (1994)). An award under § 1447(c) does not hinge on a finding of bad faith. *See id.*

A request for fees and costs may be denied where "the defendant had objectively reasonable grounds to believe the removal was legally proper." *Flagstar Bank, FSB v. Brown*, No. CV 05-01287 JCH/KBM, 2005 WL 8163412, at *3 (D.N.M. Dec. 14, 2005) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)) (citing *Martin v. Franklin Cap. Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005) (noting that "the award of fees under § 1447(c) is left to the wide discretion of the district court once remand is ordered") (citations

omitted)). Meow Wolf provides no evidence to support its assertion in the Notice of Removal that its principal place of business is in Delaware. It cites no legal authority to show why its position was objectively reasonable where none of its officers direct, control, or coordinate its activities from Delaware. Under these circumstances, the Court finds that Meow Wolf did not have "a fair basis for removing the case . . . ." *See Daleske*, 17 F.3d at 324. Consequently, the Court will grant Bernhard's request for fees and costs. Within two weeks of this Opinion, Bernhard shall file an affidavit and supporting evidence regarding the fees and costs her counsel incurred in preparing the motion to remand.[4] Meow Wolf may file a response within two weeks of the affidavit.

**THEREFORE,**

**IT IS ORDERED** that Bernhard's Motion to Remand is **GRANTED**;

**IT IS FURTHER ORDERED** that Bernhard's request for attorney's fees and costs is **GRANTED** and she shall file an affidavit and supporting evidence as directed in this Opinion;

**IT IS FURTHER ORDERED** this matter is **REMANDED** to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[4] The Court will retain jurisdiction over the collateral issue of an appropriate attorney fee award. *See, e.g.*, *In re C & M Props., L.L.C.*, 563 F.3d 1156, 1162 n.2 (10th Cir. 2009); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1257 (3d Cir. 1996); *Garrett v. Trenchless Infrastructure Techs.*, No. 10-CV-71 BB/ACT, 2010 WL 11530583, at *1 n.1 (D.N.M. Aug. 11, 2010).