IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELISABETH BERNHARD,

    Plaintiff,

v.                                                   No. CIV 21cv-0509 RB/SCY

MEOW WOLF, INC. and
MEOW WOLF SANTA FE LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Elisabeth Bernhard's Notice of Filing of Affidavit and Supporting Evidence Establishing the Reasonable Attorney's Fees and Costs Incurred in Preparing Plaintiff's Motion to Remand (Doc. 17), which Bernhard filed at the direction of the Court's January 12, 2022 Memorandum Opinion and Order (Doc. 15). In that Order, the Court granted Bernhard's Motion to Remand and directed Bernhard to "file an affidavit and supporting evidence regarding the fees and costs her counsel incurred in preparing the motion to remand."[1] (*Id.* at 8.) Bernhard has complied with the Court's Order. (*See* Doc. 17-1.) Defendants have had sufficient time to respond with objections but have not. The Court finds that the requested fees and costs are reasonable and will order Defendants to pay a total of $3,225.00 in attorneys' fees and costs as detailed herein.

**I.**     **The Court will award $3,225.00 in attorneys' fees and costs.**

"To determine a reasonable attorneys['] fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a

---

[1] "The Court notes that '[a]fter remand, the Court retains jurisdiction to award reasonable costs and attorneys' fees under 28 U.S.C. § 1447(c).'" *Progressive Direct Ins. Co. v. Gerken*, No. CV 19-00864 KG/LF, 2020 WL 6047592, at *1 (D.N.M. Oct. 13, 2020) (quoting *Suazo v. Taos Living Ctr., LLC*, 2018 WL 4773405, at *5 n.4 (D.N.M.)).

reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L.*, 61 F.3d at 1510 (internal quotation marks and citation omitted). And "[h]ourly rates must reflect the prevailing market rates in the relevant community." *Id.* (internal quotation marks and citation omitted). "Finally, certain factors may cause the court to adjust a fee upward or downward, 'including the important factor of the results obtained.'" *Tenorio v. San Miguel Cty. Det. Ctr.*, No. 1:15-CV-00349-LF-JHR, 2019 WL 2617998, at *2 (D.N.M. June 26, 2019) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quotation marks omitted)).

    **A.**    **Reasonable Hours**

Mr. Lee Hunt, a shareholder at the Hunt Law Firm, which represents Bernhard in this lawsuit, attests that two attorneys (Mr. Hunt and Ms. Aimee Bevan) and two paralegals worked on this matter from June 2, 2021, when Mr. Hunt reviewed the Notice of Removal, through January 25, 2022, when he executed the affidavit regarding the fees incurred in preparing the motion to remand. (*Id.* ¶ 4; *see also* Doc. 17-1(A).) The attorneys spent 10.25 hours reviewing, drafting, and editing the motion, as well as readying the affidavit regarding fees (Mr. Hunt spent 2.0 hours, Ms. Bevan 8.25 hours). (Doc. 17-1(A).) The paralegals spent 1.5 hours proofing and readying the motion to file. (*Id.*) Considering that Defendants filed no objection, the Court finds that these hours are reasonable and necessary for the amount and type of work involved in the motion to remand. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

B.      **Reasonable Hourly Rates**

Plaintiffs' counsel request hourly rates as follows: $300/hour for Mr. Hunt, a shareholder in the Hunt Law Firm who has been practicing law for 19 years; $300/hour for Ms. Bevan, an attorney with Hunt Law Firm who has been practicing law for 26 years; and $100/hour Ms. Chavez and Ms. Aragon, paralegals who both have over 20 years of experience. (Doc. 17-1 at 2.) Mr. Hunt attests that these "rates are reasonable and customary for similar services by lawyers of reasonably comparable skill, experience and reputation in this area." (*Id.* (citations omitted).)

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *New Mexico v. Valley Meat Co., LLC*, No. CIV-14-1100 JB/KBM, 2015 WL 9703255, at *23 (D.N.M. Dec. 14, 2015) (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1224–25 (10th Cir. 2006)). "Plaintiffs must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt*, 468 F.3d at 1224–25 (quotation marks and citations omitted). Evidence "is typically established through the affidavits of local attorneys who practice in the same field as the attorneys seeking the fees." *Mosaic Potash Carlsbad, Inc. v. Lintrepid Potash, Inc.*, No. 16-CV-0808 KG/SMV, 2018 WL 2994412, at *3 (D.N.M. June 14, 2018). Here, Mr. Hunt cites to a variety of cases from the District of New Mexico regarding recent awards for attorney's fees. (*See* Doc. 17-3.) The Court has considered the cited authority as well as its own research and knowledge to set appropriate hourly rates. *See Mosaic Potash*, 2018 WL 2994412, at *3 (noting that a court "may use other factors, including its own knowledge, to establish the rate").

In 2019, United States Magistrate Judge Jerry Ritter awarded $250/hour to an attorney with 10 years of experience, and $310/hour to an attorney with 22 years of experience, in a case involving claims for personal injury. *See Griego v. Douglas*, No. CV 17-0244 KBM/JHR, 2019

3

WL 3006993, at *1–2 (D.N.M. July 10, 2019). In 2016, United States District Judge James O. Browning found that $350/hour was a reasonable rate "for a very experienced partner" doing "high end commercial work." *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 WL 5376322, at *13 (D.N.M. Aug. 22, 2016). And in 2018, United States Magistrate Judge Karen B. Molzen, in a lawsuit brought in part under the Fair Credit Reporting Act, found that an attorney who had been practicing for 19 years was entitled to a rate of $250/hour, and an attorney who had been practice for 13 years was entitled to a rate of $200/hour. *Schueller v. Wells Fargo & Co.*, No. CIV 16-0107 MV/KBM, 2018 WL 2943245, at *3, *5 (D.N.M. June 12, 2018). Judge Molzen noted that the lawsuit was neither high-end nor complex. *Id.* at *5.

With respect to the prevailing rate for paralegals, the Court notes that Judge Browning found that a rate of $70/hour to $125/hour (depending on the paralegal's experience) was appropriate in *Fallen v. GREP Sw., LLC*, a class action lawsuit. 247 F. Supp. 3d 1165, 1198–99 (D.N.M. 2017); *see also Fallen v. GREP Sw., LLC*, 15cv0146, Doc. 104 at 8 (Mot. for Attorneys' Fees) (D.N.M. Mar. 16, 2016). This rate is not radically different from the $75/hour Judge Browning awarded paralegals in 2012. *See Copar Pumice Co. v. Morris*, No. Civ. 07-0079 JB/ACT, 2012 WL 2383667, *21 (D.N.M. June 13, 2012). Judge Molzen awarded a rate of $80/hour to paralegals in *Schueller*. 2018 WL 2943245, at *6.

The Court finds that the requested rates here of $300/hour for the attorneys, both of whom have approximately two decades of experience, is reasonable. The Court finds that the attorneys spent considerably fewer hours on the motion to remand than it has seen in other cases, which is likely due to the experience and knowledge of counsel. The Court will also approve the requested rate for the two experienced paralegals. Again, Defendants filed no objections to these rates.

Consequently, the Court finds that the following rates should be awarded:

- Mr. Hunt: $300/hour x 2.0 hours = $600.00
- Ms. Bevan: $300/hour x 8.25 hours = $2,475.00
- Paralegals: $100/hour x 1.5 hours = $150

The total attorney fee award is $3,225.00.

**THEREFORE,**

**IT IS ORDERED** that in accordance with the Court's January 12, 2022 Memorandum Opinion and Order granting the Motion to Remand (Doc. 15) and awarding attorney's fees and costs, the Court orders Defendants to pay $3,225.00 in reasonable attorneys' fees.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE